**UNITED STATES DISTRICT COURT**
**SOUTHERN DISCTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>      Plaintiff,  )<br>                          )<br>                          )<br>     V.                   )     Cause No.   1:22-cr-37-JPH-TAB-01<br>                          )<br>                          )<br>JIMMIE HARRIS  )<br>      Defendant.  ) | |

SENTENCING MEMORANDUM

### I.  PRELIMINARY STATEMENT

The Court is required to enter a sentence that is sufficient, but not greater than necessary to satisfy the statutory sentencing objectives of promoting respect for the law, affording adequate deterrence, protecting the public, and providing the Defendant with needed training and treatment. 18 U.S.C. §3553(a).  In weighing all of these factors, Harris respectfully submits that a below-guideline sentence is appropriate and satisfies the objectives of sentencing.

### II.  HARRIS'S RELEVANT HISTORY AND CHARACTERISTICS

Several points from the presentence investigation report are worth reiterating for history and characteristics consideration. Harris's formative years were spent without much supervision and guidance from any parental figures.  Harris's father was an alcoholic who abused Harris both mentally and physically. Harris's father chose alcohol and money over his children and as a result Harris did not benefit from proper guidance or parenting.  Harris's father passed away at the age of 51 years old from a heart attack.  The PSR indicates that Harris did not have a very close

relationship with his mother during Harris's childhood. However, as defendant got older his relationship with his mother improved but was not ideal. Harris's mother passed away in 2022 while he was incarcerated.

Harris grew up in a neighborhood filled with drugs, violence and gang activity and he occasionally went without food or clothing. Harris did not maintain stable housing while growing up. As such, Harris found himself in a world without proper supervision, treatment and guidance. In an effort to address the issues on his own accord, Harris self-medicated by using recreational drugs and Harris began drinking daily as young adult. Harris has battled addictions to different substances in his life. However, Harris had used methamphetamine daily from 2021 until his incarceration. As a result of the foregoing, Harris found himself resorting to a life of crime at an early age. Based on Harris's history of using drugs and interviews with people who know Harris, it is clear that Harris would benefit from substance abuse treatment while incarcerated.

Despite his lack of guidance and proper treatment for his mental health and medical issues early on, Harris has tried to make the best of his situation. Harris maintained employment off and on as a laborer most of his life. He worked at various warehouses and construction jobs in order to make ends meet. Harris hopes to use his sentence under this cause to gain the proper education and skills that will allow him to lead a law-abiding life once released from prison. It is clear that Mr. Harris tried to be a good provider even when faced with adversity.

Harris has significant medical ailments that require treatment. Harris has a damaged urethra from the passing of a large kidney stone in addition to multiple abdominal hernias that will require surgery. However, Harris's heart will need to be evaluated by a cardiologist to determine whether or not it is strong enough for Harris to undergo surgery. Harris is 42 years old. Given his medical condition, family history of heart-related issues, and untimely deaths, there is a real question as to whether Harris will survive the sentence likely imposed under this cause.

### III.     ADVISORY GUIDELINE CALCULATION

The guideline range is merely advisory under the dictates of *Booker*. While the court has a duty to calculate the guideline range, it is reversible error for this court to presume that the guideline range is reasonable. *Nelson v. United States*, 129 S.Ct. (2009); *United States v. Ross*, 501 F.3d 851, 853 (7th Cir. 2007). As demonstrated below, a Guideline sentence in this case would not be reasonable. The presentence investigation report calculates an advisory guideline imprisonment range of between 188 and 234 months, based on an offense level of 31 in criminal history category six.

As shown below, Harris respectfully submits that this calculation establishes an advisory range that is greater than necessary to satisfy the mandates of 18 USC § 3553. Specifically, his criminal history category distorts the essence of his conduct in this case and suggest a far greater sentence than is justified or warranted.

### IV.     A BELOW-GUIDELINE SENTENCE IS SUFFICIENT, BUT NOT GREATER THAN NECESSARY, TO ACHIEVE THE GOALS OF SENTENCING

Though this court has an obligation to calculate the guideline range, the guideline range itself is advisory and may not be presumed reasonable. *Nelson*, 129 S.Ct. at 890; *Ross*, 501 F.3d at 853. After calculating the guideline range, the Court must consider the statutory sentencing factors. *Id.* The Court's sentence must be "sufficient, but not greater than necessary" to, *inter alia*, "reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." 18 U.S.C. §3553(a)(2)(A). The court must also consider "the nature of circumstances of the offense and the history and characteristics of the defendant," the "kinds of sentences available," the "need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct," and the "need to provide restitution to any victims of the offense." 18 U.S.C. §3553(a). Within this framework, Harris respectfully submits that a below

guideline sentence of 168 months is sufficient, but not greater than necessary, to satisfy the sentencing objectives.

### A. CRIMINAL HISTORY AND NATURE OF HARRIS'S CONDUCT WARRANT A BELOW-GUIDELINES SENTENCE

Harris agrees with the government that the parties had calculated a criminal history category of 5 and agreed that a sentence range of 168-175 months is appropriate under the circumstances. Harris submits that a sentence at the low end of that range, or 168 months, is sufficient but not greater than necessary.

### B. HARRIS HAS ACCEPTED RESPONSIBILITY AND EXPRESSED REMORSE

Harris has both accepted responsibility and expressed remorse. As the presentence investigation report notes, Harris has clearly demonstrated acceptance of responsibility in assisting authorities in the prosecution of his own misconduct by timely notifying them of his intention to enter a plea of guilty.

### C. A BELOW GUIDELINES SENTENCE WOULD PROVIDE SUFFICIENT DETERRENCE AND PROTECT THE PUBLIC

In imposing sentence, this court must consider the objectives of "affording adequate deterrence to criminal conduct" and "protecting the public from further crimes of the defendant." 18 U.S.C. § 3553(a)(2); *Pepper v. United States*, 131 S.Ct. 1229, 1242 (2011). There is no question that the court will impose a lengthy sentence by any standard - the question is, how lengthy? For two important reasons regarding deterrence, the court need not impose a sentence as long as the guidelines suggest.

First, there is no deterrence or public protection advantage in imposing, for example, 188-month sentence instead of 168-month sentence. Harris is now 42 years of age. Social science research shows no definitive deterrent benefit between a lengthy sentence and a still lengthier sentence. *Daniel P. Mears; Joshua C. Cochran; William D. Bales; Avinash S. Bhati; recidivism and time served in prison, 106 J. Crim. L. & Criminology 83 (2016).* The deterrent value of the pains of prison

may be felt more acutely at the beginning of a prison term and lengthier stays in prison may allow for greater acclimation to prison culture and so a greater likelihood of offending after release. Mears et al. concluded in studying a Florida prison population that "lengthier prison terms of three years or more do not appear to appreciably reduce recidivism beyond that associated with shorter prison stays." *Id.* At 122.

Second, at Harris's age, social science research shows he will be at a very low risk to recidivate upon release from even a modest sentence. *Robert J. Sampson; John H. Laub, Life-Course Desisters? Trajectories of Crime Among Delinquent Boys Followed at Age 70, 41 Criminology 555 (2003).* In a longitudinal study of recidivism Sampson and Laub found that "there is a sharp increase peeking in adolescence followed by less sharp decline through middle adulthood, with eventual disappearances in the sixties." *Id.* at 565. Placing Harris within Sampson and Laub's data would show about a 50% decrease in criminality following a 168-month sentence. An additional sentence over 168 months would provide only marginal benefits in recidivism likelihood.

Lastly, Harris's incarceration thus far has already had a profound impact upon him. As a result of his incarceration, Harris was not able to attend the funeral for his mother, who passed away in 2022. Harris desperately wanted to be there for his family at that difficult time, but could not. Harris's incarceration has required him to confront the decisions he has made and the effect they have had upon his family and loved ones, as well as himself.

### D. A BELOW GUIDELINE SENTENCE WOULD AVOID SENTENCING DISPARITIES

The court must consider "the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. 3553(a)(6). Harris respectfully submits that he compares favorably to the average defendant facing sentencing for these charges, and a below guideline sentence of 168 months is appropriate.

In fiscal year 2016, 119 defendants faced sentencing for drug trafficking offenses in the

Southern District of Indiana. *United States Sentencing Commission, 2016 Sourcebook of Federal Sentencing Statistics*, Fiscal Year 2016 Guideline Sentence Indiana, Southern (2016). In those cases, the median sentence in months was 85 months, which means half of all drug trafficking sentences were under 85 months, including two sentences of probation only, for sentences of under 12 months imprisonment, 10 sentences of between 13 to 24 months imprisonment, five sentences of 25 to 36 months imprisonment, and 27 sentences of 37 to 60 months imprisonment.

Harris compares favorably against this baseline. He has a documented substance abuse condition as well as diagnosed medical issues which has made is ability to maintain a law-abiding life difficult. As these points reflect, a below-guideline sentence is justified to avoid unwarranted sentencing disparities.

## V.   CONCLUSION

For the foregoing reasons, Harris respectfully suggests the Court impose a sentence of 168 months.

Respectfully submitted,

/s/: David E. Deal
Attorney for Jimmie Harris

David E. Deal and Associates
22 East Washington St., Ste. 600
Indianapolis, IN 46204
317-634-7000
deal@daviddeallaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on August 17, 2023, a copy of the foregoing motion was filed electronically. Service of this filing will be made on all ECF registered counsel by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/: David E. Deal

                                                David E. Deal

David E. Deal (#22938-49)  
22 East Washington Street  
Suite 600  
Indianapolis, IN  46204  
317-634-7000  
deal@daviddeallaw.com